10-1906-ag
Lumaj v. Holder

BIA
A075 836 315
A075 836 316
A075 836 317

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15ᵗʰ day of June, two thousand eleven.

PRESENT:
　　　　JOSÉ A. CABRANES,
　　　　DEBRA ANN LIVINGSTON,
　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　*Circuit Judges.*
_____

LUIGJ LUMAJ, DRITA LUMAJ, XHOZEF LUMAJ,
　　　*Petitioners,*

　　　　v.　　　　　　　　　　10-1906-ag
　　　　　　　　　　　　　　　NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　*Respondent.*
_____

FOR PETITIONERS:　　　H. Raymond Fasano, New York, New York.

FOR RESPONDENT:　　　Tony West, Assistant Attorney General;
　　　　　　　　　　　Blair T. O'Connor, Assistant Director;
　　　　　　　　　　　Holly M. Smith, Senior Litigation
　　　　　　　　　　　Counsel, Office of Immigration
　　　　　　　　　　　Litigation, United States Department of
　　　　　　　　　　　Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioners Luigj Lumaj, his wife Drita Lumaj, and their son Xhozef Lumaj, all natives and citizens of Albania, seek review of an April 12, 2010, decision of the BIA denying their motion to reopen. *In re Luigj Lumaj, Drita Lumaj, Xhozef Lumaj,* Nos. A075 836 315/316/317 (B.I.A. Apr. 12, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). It is undisputed that petitioners' motion to reopen was untimely filed as the agency's final order of removal was entered in 2003 and the petitioners did not file their motion to reopen until 2010, well beyond the 90-day deadline. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). Moreover, petitioners do not argue that one of the statutory or regulatory exceptions excused their untimely filing.

2

Instead, petitioners argue that the BIA erred in declining to reopen their removal proceedings *sua sponte*. The BIA's decision regarding whether to reopen removal proceedings *sua sponte* is "entirely discretionary" and beyond the scope of our review. *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006) (per curiam). However, "where the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail, remand to the Agency for reconsideration in view of the correct law is appropriate." *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). Here, petitioners argue that the BIA declined to reopen their removal proceedings *sua sponte* based on its misperception of the agency's regulations as requiring an alien to demonstrate past persecution in order to establish eligibility for humanitarian asylum. Petitioners' argument is without merit.

The relevant regulation provides that:

> An applicant described in paragraph (b)(1)(i) of this section . . . may be granted asylum, in the exercise of the decision-maker's discretion, if:
>
> (A)   The applicant has demonstrated compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution; or

3

                    (B)     The applicant has established that there is a reasonable possibility that he or she may suffer other serious harm upon removal to that country.

8 C.F.R. § 1208.13(b)(1)(iii).  Petitioners contend that because subsection (B) does not refer to past persecution, an alien can qualify for humanitarian asylum based on a reasonable possibility of suffering serious harm upon removal without a demonstration of past persecution.  This reading of the regulation ignores the sentence preceding subsections (A) and (B) limiting the applicability of those subsections to applicants "described in paragraph (b)(1)(i)," namely applicants who have suffered past persecution, but who are ineligible for asylum because either there has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution or the applicant can relocate within his or her country of nationality to avoid future persecution.  8 C.F.R. § 1208.13(b)(1)(i), (iii).  Thus, contrary to petitioners' contention, the BIA did not misperceive the law by stating that an applicant must demonstrate past persecution in order to demonstrate eligibility for humanitarian asylum.  *See* 8 C.F.R. § 1208.13(b)(1)(iii); *see also Kone v. Holder*, 596 F.3d 141, 146 (2d Cir. 2010) (recognizing that humanitarian asylum "is

4

reserved for *persecuted* aliens whose persecution was particularly severe or who may suffer 'other serious harm' if removed") (quoting 8 C.F.R. § 1208.13(b)(1)(iii))(emphasis added).  Accordingly, we lack jurisdiction to review the BIA's decision declining to reopen petitioners' proceedings *sua sponte*.  *See Mahmood*, 570 F.3d at 469; *Ali*, 448 F.3d at 517-18.

For the foregoing reasons, the petition for review is DISMISSED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk